# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| RICHARD ALAN HAASE § § Plaintiff, § § vs. § § ABRAHAM, WATKINS, NICHOLS, § SORRELS, AGOSTO AND FRIEND, § LLP, et al., § § Defendants. § § | CASE NO. 6:09CV547 |

## MEMORANDUM OPINION AND ORDER

Richard Alan Haase filed this case in the District Court of Fort Bend County, Texas, 240th Judicial District. Defendants removed the case to the United States District Court for the Southern District of Texas; that court transferred the case to this Court. As this Court does not have jurisdiction to hear this case, the Court **REMANDS** the case to the District Court of Fort Bend County, Texas, 240th Judicial District.

## BACKGROUND

In 2005, Richard Haase and his company, ClearValue Inc. brought a patent infringement suit against Pearl River Polymers, Inc., Polychemie Inc., SNF Inc., Polydyne, Inc., and SNF Holding Company (the "*ClearValue* case"). The *ClearValue* case went to trial in March 2007. During trial, the defendants argued that the plaintiffs had committed a serious discovery violation by not disclosing potentially exculpatory tests on the accused products that were shown to the plaintiffs' testifying expert. The plaintiffs contended that the tests were not produced because the tests were

work product, the tests were not related to the litigation but done for business reasons, and because the tested products were not actually the accused products but were "off specification" and so had no bearing on infringement. The Court determined that the plaintiffs had committed a discovery violation by not disclosing the tests. The Court struck the plaintiffs' pleadings and awarded the defendants their attorneys' fees, costs, and expenses.

The plaintiffs appealed the decision to the Federal Circuit. The Federal Circuit affirmed the Court's finding of sanctionable conduct and part of the award of attorneys' fees. The Federal Circuit reversed and remanded the remaining award of attorneys' fees and the striking of the plaintiffs' pleadings. The *ClearValue* case is now on remand to this Court and is set for trial in April 2010.

Richard Haase filed this case in 2009 against various entities involved in the *ClearValue* case; first, the law firm of Abraham, Watkins, Nichols, Sorrels, Agosto and Friend, LLP ("Sorrels"), who represented the *ClearValue* plaintiffs until Sorrels withdrew part-way through the litigation; second, the *ClearValue* defendants and Chemtall, Inc. (collectively the "SNF Defendants"); and third, the law firms of the *ClearValue* defendants' attorneys—Wright, Brown, and Close, LLP ("Close") and Provost Umphrey, LLP ("Tindel").[1] Haase also sues Hychem, Inc., which was not a party to the *ClearValue* case but one of the third-parties that the *ClearValue* plaintiffs obtained the tested products through.

Haase alleges Sorrels committed legal malpractice by advising the *ClearValue* plaintiffs not to disclose the tests as privileged and slandered Haase in their motion to withdraw from representation in the *ClearValue* case. Haase sues the SNF Defendants, Close, and Tindel for

---

[1] Sorrels, Close, and Tindel are the last names of the attorneys who participated in the *ClearValue* case.

slander, fraud, conspiracy, malicious prosecution, abuse of process, and breach of contract. Haase sues Hychem, Inc. for fraud and conspiracy.

It is undisputed that Haase only alleges state law claims against Defendants. The Court will describe the claims against each party more fully in its analysis, but generally Haase alleges that Defendants—with the exception of Sorrels—acted together to send the *ClearValue* plaintiffs off-specification products, which the *ClearValue* plaintiffs tested for quality control, not litigation, purposes. Knowing that the tested products were not the accused products, the SNF Defendants, Close, and Tindel slandered Haase and abused the litigation process in their motion for sanctions in the *ClearValue* case and on appeal.

The SNF Defendants, Close, and Tindel removed this case to federal court claiming federal-question jurisdiction under 28 U.S.C. § 1338 because many of the allegations are related to what happened in the *ClearValue* case. Alternatively, the SNF Defendants, Close, and Tindel contend there is diversity jurisdiction because Close and Tindel are fraudulently joined and Sorrels is misjoined and the remaining parties are diverse.

## APPLICABLE LAW

"'Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" *Thompson v. Microsoft*, 471 F.3d 1288, 1291 (Fed. Cir. 2006) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Therefore, federal courts have an obligation to satisfy themselves of their own jurisdiction. *Id.*

**Federal Question Jurisdiction**

Federal district courts have federal-question jurisdiction over cases that arise under federal law. 28 U.S.C. § 1331. District courts have "original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338. The Supreme Court has put forth a two-part test for determining weather federal courts have exclusive jurisdiction under 28 U.S.C. § 1338. *Christianson v. Colt Indus. Operating Group*, 486 U.S. 800, 809 (1988). Section 1338 jurisdiction extends to cases "in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 809; *Air Measurement Techs., Inc. v. Akin Gump*, 504 F.3d 1262, 1267–68 (Fed. Cir. 2007). In determining whether a case arises under federal law, courts are limited to "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendants may interpose." *Id.* at 1268.

But even if the state action involves a contested and substantial federal question, jurisdiction may not be appropriate. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Thus, the Court must determine whether the state-law claims satisfy the second part of *Christianson*—whether the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal patent law—in view of *Grable's* federalism concerns. *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281, 1284 (Fed. Cir. 2007). Federal jurisdiction exists where the plaintiff must prove infringement, invalidity, or claim scope in order to prove his state-law claim. *Id.* (claim scope); *Air Measurement Techs.*, 504 F.3d at 1262 (infringement and validity); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476 (Fed. Cir. 1993) (infringement). Cases where the plaintiff's right to relief does not necessarily depend on resolution of a substantial question of patent law do not arise under section 1338 and do not give rise to federal jurisdiction. *See In re Oximetrix*, 748 F.2d 637 (Fed. Cir. 1984) (no jurisdiction over state claims for breach of licensing agreement); *Consol. World Housewares, Inc. v. Finkle*, 831 F.2d 261, 265 (Fed. Cir. 1987) ("That a contract action may involve determination of the true inventor does not convert that action into one 'arising under' the patent laws."); *Ballard Med. Prods. v. Wright*, 823 F.2d 527, 531 (Fed. Cir. 1987) ("That patent invalidity or infringement issues may have been injected during the course of an arbitration proceeding in a contract suit forms no basis for asserting that the district court's jurisdiction was based on § 1338."); *Speedco, Inc. v. Estes*, 853 F.2d 909 (Fed. Cir. 1988) (no jurisdiction when proving prove patent validity or infringement is not necessary to enforce the contract at issue).

**Diversity Jurisdiction**

District courts have diversity jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). A case premised on federal diversity jurisdiction is removable but cannot be removed if a properly joined defendant is a citizen of the State in which the action is brought. *Smallwood v. Ill. C. R.R. Co.*, 385 F.3d 568,

572 (5th Cir. 2004) (en banc). A party may establish improper joinder by (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Id*. at 573. Defendants are properly joined in one action if a right to relief is asserted against them with respect to or arising out of the same transaction or occurrence and any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a)(2).

## ANALYSIS

**Federal Question Jurisdiction**

The Court will have federal-question jurisdiction over Haase's state law claims if Haase must prove a patent issue, such as infringement, validity, or scope, as a necessary element of the state law claim. *Christianson*, 486 U.S. at 809; *Air Measurement Techs.*, 504 F.3d at 1268.

Generally, Defendants contend that Haase's right to relief on his state law claims depends on resolution of the patent case and three fact issues: (1) the purpose of the tests that were not turned over, (2) whether the tested products were "accused products," and (3) whether the tested products were out-of-specification or in-specification and thus do not infringe.[2] As discussed below, most of Haase's state law claims will turn on the purpose of the tests and whether what was tested was an in-specification accused product. However, contrary to Defendants' contentions, the implications of the tests—whether the tests show infringement—is not a necessary element of Haase's claims.

Haase sues Sorrels for legal malpractice for instructing Haase and Gordon Waggett, another attorney for plaintiffs in the *ClearValue* case, that the test results were privileged. Although federal

---

[2] In their Opposition to Remand, Defendants change the third issue to say whether the tested product's molecular weight met the requirements of the patent.

jurisdiction over this claim was not alleged in the removal papers or in the briefing, at the hearing Defendants contended that this claim arises under section 1338, citing *Air Measurement Techs.* and *Immunocept*. The elements of a Texas state law legal malpractice claim are: (1) an attorney owed the plaintiff a duty stemming from the attorney-client relationship, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Air Measurement Techs.*, 504 F.3d at 1268. Normally, to prove causation in a legal malpractice claim that stems from prior litigation, the client must prove he would have won the underlying case. *Id.* at 1268–69. However, Haase does not claim that his damages from the malpractice claim are that he lost the underlying case, which is still ongoing, but rather his damages are the sanctions judgment. Thus, to prove this claim, Haase must show that Sorrels breached a duty by instructing Haase to label the tests privileged causing Haase to incur the sanctions judgment. The issue here will be whether the tests were discoverable—which will likely turn on why the tests were done, what product was tested, and who saw the tests—not whether the tests demonstrate infringement or noninfringement. Unlike *Air Measurement Techs.* and *Immunocept*, Haase will not have to prove a patent issue to prevail on this claim. Accordingly, this claim does not arise under section 1338 and cannot be the basis for the Court's jurisdiction.

Haase also sues Sorrels for slander for statements made in Sorrels's motion to withdraw as counsel. Defendants do not contend that this claim arises under section 1338. Resolving a patent issue will not be necessary to Haase proving his slander claim against Sorrels, and therefore this claim cannot be the basis for the Court's jurisdiction.

Haase also sues SNF, Close, and Tindel for slander. Haase alleges these Defendants

slandered Haase in their motions in this Court, briefs on appeal, and in argument within the federal court proceeding. Haase does not specify what exactly the slanderous statements are, but presumably they are that Haase intentionally did not turn over the test results because they harmed his case. "Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." *Montemayor v. Ortiz*, 208 S.W.3d 627, 651 (Tex. App.—Corpus Christi 2006, pet. denied). "A statement is defamatory if it tends to injure or to impeach any person's honesty, integrity, virtue, or reputation." *Id*. Truth is an affirmative defense to slander. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640 (Tex. 1995).

Resolving a patent issue is not necessary to proving this claim. Haase contends that Defendants knew the products he tested were not the in-specification accused products because Defendants conspired to ship him out of specification products. Haase can disprove the Defendants' statements that he did not turn over the test results because they undermined his infringement theory by proving the test results were either not of an accused product or that the results were of an out-of-specification product or that he believed that to be the case. Whether Haase can prevail on this cause of action will not turn on whether the tests prove or disprove infringement, but on whether Haase actually believed the product tested was not an accused product.

Haase alleges SNF and/or Hychem committed fraud by knowingly shipping him an out-of-specification product. This claim does not raise any patent issues. To prevail on this claim, Haase will have to prove that he was shipped a product that did not conform to the product's published specifications and that SNF and Hychem knowingly shipped the product to him. Whether the shipped product, or the accused product, actually infringe the patent is irrelevant to this claim.

Haase alleges SNF, Close, and Tindel fraudulently misrepresented what the shipped product was and that the tests show that the accused products do not infringe. Haase can disprove Defendants' statement by showing that the tested product was not an accused product and therefore had no bearing on infringement. Haase does not need to prove that the accused product actually infringes to prevail on this claim. Accordingly, this claim does not arise under section 1338 and cannot be the basis of the Court's jurisdiction.

Haase alleges SNF, Close, and Tindel conspired to violate Rule 11 and made misrepresentations and omissions in their motion for sanctions. Haase contends they refused to provide him with product samples so that he was unable to refute the misrepresentations they made in Court. Again, this claim will turn on what product was actually tested, whether it was in-specification, what Haase believed the product to be, and whether Defendants knew the product was an out-of-specification product as Haase contends. Haase will not have to prove that the accused products actually infringe his patent to prove this claim. Therefore, this claim does not give rise to jurisdiction.

Haase alleges SNF and Hychem conspired to make false representations to Moon Chemical—the company through which Haase bought the allegedly out of specification product—by shipping the product and representing it to be in-specification. This claim does not touch on a patent issue. To prove this claim, Haase will have to prove that the product shipped to Moon Chemical did not conform to the specifications of the ordered product and that SNF and Hychem represented the product was in-specification. This claim does not give rise to federal jurisdiction.

Haase alleges that SNF, Hychem, Close, and Tindel conspired together to ship him the out-

of-specification product. Again, this does not raise a patent issue. Haase will have to prove that SNF, Hychem, Close, and Tindel worked together to ship him a product that did not conform to the specifications of the product he ordered. This claim does not give rise to federal jurisdiction.

Haase alleges SNF, Close, and Tindel committed malicious prosecution in bringing the sanctions motion containing misrepresentations and omissions with no reasonable ground to believe that Haase was in fact guilty of the misrepresentations in the motion. In his state petition, Haase does not expressly specify the alleged misrepresentations. In his response to Defendants' removal, Haase specifies that the false representations were that the out-of-specification product was in specification, that the characteristics of the out-of-specification product demonstrate that the in-specification product infringes, and that Haase was aware that the out-of-specification product was the same as the in-specification product and withheld information that would be damaging to his case. This claim will turn on what the tested product actually was, what Haase believed it to be, and what Defendants believed it to be. If the tested product was not an in-specification accused product, as Haase alleges, then the tests had no bearing on the alleged infringement. Accordingly, Haase does not have to prove a patent issue to prove this claim.

Haase alleges SNF, Close, and Tindel committed abuse of process, presumably by bringing the sanctions motions. This claim is very similar to his malicious prosecution claim, and for the same reasons, does not raise a patent issue.

Finally, Haase alleges SNF, Close, and Tindel breached a contract with him by violating the Court's Protective Order. Haase contends that Defendants obtained Haase's third-party shipping information from his initial disclosures and used this information to send him out-of-specification

products. This claim does not raise a patent issue. Haase will not have to prove that the accused products infringe in order to prove that Defendants violated the protective order. Accordingly, this claim does not arise under section 1338.

Defendants also contend that Haase's alleged damages show that his claims arise under section 1338. *See Air Prods. & Chem., Inc. v. Reichhold Chem., Inc.*, 755 F.2d 1559, 1563 (Fed. Cir. 1985) (looking at factual allegations and requested relief to determine whether case was for patent infringement or breach of contract). In his state petition, Haase pled as damages "lost damages from Defendant 'SNF' pertaining to: infringement of [the '690 patent], which was valued by experts in March of 2007 at about $6,000,000." In his briefs, Haase summarizes some of his damages as "those damages which Plaintiff would have received in the collateral action had Defendants not halted trial by making their false representations and omissions within a conspiracy to manipulate this Honorable Court." Docket No. 49 at pg. 6 of 11. However, in determining jurisdiction, the Court looks to the allegations in a well-pleaded complaint. The underlying patent suit is still on-going, and therefore Haase has not incurred these alleged damages. Accordingly, at this time, the Court does not consider them as "well-pleaded."

It is clear from analyzing Haase's state petition that he has only alleged state law claims and those claims do not require proof of a patent issue, such as infringement, validity, or scope, as a necessary element. As Haase's claims do not necessarily raise a federal issue, the Court does not address *Grable's* federalism concerns. Haase's claims do not arise under section 1338, and this Court does not have federal question jurisdiction.

**Diversity Jurisdiction**

Sorrels, Close, and Tindel are non-diverse defendants. Defendants contend Sorrels is fraudulently misjoined because the claims against him are unconnected to the claims against the other defendants. Haase claims that he withheld the test results on the basis of Sorrels's legal advice. Defendants contend that this is irrelevant to Haase's other claims, which turn on the purpose of the testing, the product that was tested, and the test results. However, whether Sorrels breached a duty by advising Haase to withhold the tests is related to why the tests were performed and what was tested. Accordingly, the causes of action against Sorrels is sufficiently related to the causes of action against the other defendants so that Sorrels is not misjoined. As Sorrels is non-diverse, this Court does not have diversity jurisdiction and does not need to reach Defendants' arguments that Close and Tindel are fraudulently joined.

## CONCLUSION

After examining Haase's state court petition, the Court does not have federal-question jurisdiction or diversity jurisdiction. Accordingly, the Court **REMANDS** the case to the District Court of Fort Bend County, Texas, 240th Judicial District.

**So ORDERED and SIGNED this 9th day of February, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**